Jiang v. Holder

BIA
DeFonzo, IJ
A076 104 530
A072 765 729

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand eleven.

PRESENT:
        RALPH K. WINTER,
        JOSÉ A. CABRANES,
        RAYMOND J. LOHIER, JR.,
           *Circuit Judges.*

_____

WEIYAN JIANG, XIANG QUAN JIANG, also known as TAMOTSU TAJIMA,
      *Petitioners,*

      v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

10-1735-ag(L);
10-4160-ag(Con)
NAC

_____

FOR PETITIONER:     Nathan Weill, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Claire L.

**Workman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Weiyan Jiang and Xiang Quan Jiang, natives and citizens of China, seek review of the April 22, 2010, orders of the BIA affirming the May 15, 2008, decision of an Immigration Judge ("IJ"), denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Weiyan Jiang*, No. A076 104 530 (B.I.A. Apr. 22, 2010) and *In re Xiang Quan Jiang*, No. A072 765 729 (B.I.A. Apr. 22, 2010), *aff'g* Nos. A072 765 729/076 104 530 (Immig. Ct. N.Y. City May 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see also*

2

*Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008);

*Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The IJ's credibility determination is supported by substantial evidence because it is based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). The IJ identified a number of inconsistencies within each petitioner's testimony, between their testimony, and between their testimony and their previous statements. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 77-78 (2d Cir. 2004) (concluding that inconsistencies in an alien's statements qualify as "sufficient, cogent" reasons sufficient to support an adverse credibility determination). The IJ noted that Mrs. Jiang initially testified that her pregnancy was discovered in March 1993, but later testified that it was discovered in January 1993, and changed her testimony several times regarding where she went after the abortion. Mr. and Mrs. Jiang contradicted each other regarding the circumstances under which Mrs. Jiang went into hiding, as she testified that she hid at her sister's home with her husband and son, but Mr. Jiang stated that she went into hiding without him. Mr. Jiang attempted to explain this inconsistency by stating that his wife came out of hiding,

3

then returned, but Mrs. Jiang stated that she did not come home or leave her sister's house at all after going into hiding.  In addition, Mr. Jiang testified that he fled his home in early May 1993, joined his wife at her sister's house for one day, and then left, but, as the IJ pointed out, he had testified at a previous hearing that he did not leave his sister-in-law's home until late May.  Because these inconsistencies relate to Mrs. Jiang's alleged forced abortion and the surrounding events – the basis of Mr. and Mrs. Jiang's claims – they are not minor or immaterial, but, instead, go to the heart of their claims.  *See Secaida-Rosales*, 331 F.3d at 307; *see also Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal citations omitted) ("even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder"); *Liang Chen v. U.S. Att'y Gen*., 454 F.3d 103, 106-107 (2d Cir. 2006) ("[A]n IJ need not consider the centrality vel non of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its

4

rationality or internal consistency and the manner in which it hangs together with other evidence.").

Petitioners also argue that the IJ erred in relying on an inconsistency between the testimony and Mr. Jiang's statements in his airport interview, because the interview was unreliable. Given that the numerous inconsistencies described above provide substantial evidence supporting the agency's adverse credibility determination, we need not reach the reliability of Mr. Jiang's airport interview. *See Diallo v. U.S. Dep't of Justice*, 548 F.3d 232, 235 & n.3 (2d Cir. 2008).

Petitioners further argue that the IJ abused his discretion in declining to grant their request for a continuance to permit a psychological evaluation of Mr. Jiang. An IJ has the authority to grant a continuance "for good cause shown." 8 C.F.R. § 1003.29. We review the BIA's affirmance of an IJ's denial of a continuance for abuse of discretion. *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ abuses his discretion only "if (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision – though not necessarily the

5

product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions." *Morgan*, 445 F.3d at 551-52 (citations, internal quotation marks, and alterations omitted). Here, the Jiangs have pointed to no legal or factual error in the IJ's denial of a continuance, concede that "Mr. Jiang's strange testimony could simply be a result of his lack of credibility," but argue that "it is also possible that he suffers from memory problems or other psychological problems that did not become apparent until he was required to [testify] in Court." In recognizing that untruthfulness could have caused Mr. Jiang's inconsistencies and alleging only the unsubstantiated possibility that Mr. Jiang had a mental defect, Petitioners fail to show that the IJ's decision "cannot be located within the range of permissible decisions" so as to constitute an abuse of discretion. *Id*.

Because all of Petitioners' claims are based on the same factual predicate, the IJ's adverse credibility determination was a proper basis for the denial of their asylum, withholding of removal, and CAT claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk